IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CASEY R. FYKE                                                                                          PLAINTIFF

v.                                    Civil No. 14-5268

JAMES J. MORSE                                                                                    DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff contends Defendant violated his constitutional rights by using excessive force against him.

On November 16, 2015, a hearing was held to allow the Plaintiff to respond orally to Defendant's summary judgment motion. The summary judgment exhibits include a video of the alleged use of force on August 14, 2015. The summary judgment motion is ready for decision.

**1. Background**

Plaintiff was booked into the Washington County Detention Center (WCDC) on July 20, 2014. The incident that is the subject of this lawsuit occurred on August 14, 2014. Plaintiff testified he was in pretrial status at this time.

Plaintiff testified that someone had been pressing the intercom button repeatedly. The intercom button is by the pod door that leads into a central hallway. There is a yellow safety box marked off on the floor near the door. Inmates are supposed to stand outside of the yellow boxed off area.

Plaintiff approached and pressed the intercom button to get the attention of an officer. He testified he was having problems with an officer contacting his mother.

Plaintiff testified that he was standing near the door when he heard the door unlock. Defendant came in and put his hand on the Plaintiff's left shoulder and neck and shoved Plaintiff

-1-

out of the safety box. Plaintiff testified Defendant told him to stay out of the box and yelled at everyone in the pod for pressing the intercom button.

Plaintiff submitted a couple of grievances regarding this incident. Plaintiff also asked to be seen by the nurse. Although Plaintiff initially testified that his request to see the nurse was refused, the jail medical records show that the nurse was called to the pod to assess the Plaintiff. *Defendant's Exhibit* (hereinafter *Deft's Ex.*) A-1 at 115.[1] The nurse indicated she saw no marks on him or any abnormalities. *Id.* Plaintiff was given Ibuprofen. *Id.* The medication administration record shows that Plaintiff received Ibuprofen from August 14th through August 28th. *Deft's Ex.* A-1 at 102

Plaintiff testified, after reviewing the medical record, that the Ibuprofen was not helping so he orally asked to see the nurse a second time. He did not see the nurse in response to this oral request.

Plaintiff testified he had a prior injury to his back and shoulder and that Defendant's actions aggravated it. He testified the injury was not serious.

Defendant submitted an incident report. *Deft's Ex.* A-1 at 43. The report begins by noting various detainees had been hitting the intercom button with no good reason. It continues:

> As the slider door to N-block was being opened, I paused prior to entry to ensure everyone had the opportunity to clear the yellow box prior to going into the block. I noticed a detainee partially blocking the door and clearly in the prohibited box zone for a detainee while a deputy is present. As this had been long time commonly practiced procedure by most deputies employed at the [WCDC], detainees are well aware it is inappropriate behavior.
>
> I placed my right hand on the should[er] of a detainee later identified as Casey Fyke (W/M) and shoved him out of the door way and prohibited box zone into the block away from me and towards an open area. To ensure my safety and inform the block that this horseplay with the buttons would not be tolerated.

---

[1] The citations are to the numbers at the bottom of the pages of the exhibit and not to the Document Number created by the Court's Case Management, Electronic Case Filing program (CM/ECF).

*Deft's Ex.* A-1 at 43.

A video of the incident was admitted into evidence. *Deft's Ex.* A-2. The video starts while medication is being distributed. At times there are multiple inmates within the safety box. The book cart is then delivered to the pod and it is placed inside the safety box. Multiple inmates are standing in the safety box when selecting books.

Once the medication distribution is complete, the officers leave the pod. One inmate approaches the intercom button and it appears that he presses the button more than one time. Plaintiff is leaning against the door frame. He pushes the intercom button and continues leaning on the door frame. When the door opens, Plaintiff does not move. As Defendant enters, he uses his right hand to shove the Plaintiff out of the safety box. Plaintiff moves a few feet but does not fall or otherwise get injured. The Defendant then moves the book cart out of the safety box.

### 2. Applicable Standard

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." RSBI Aerospace, Inc. v. Affiliated FM Ins. Co., 49 F.3d 399, 401 (8th Cir. 1995).

The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986);

AO72A
(Rev. 8/82)

Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The Court must view all evidence and inferences in a light most favorable to the nonmoving party.  See McCleary v. ReliaStar Life Ins. Co., 682 F.3d 1116, 1119 (8th Cir. 2012).  However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a Court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  Scott v. Harris, 550 U.S. 372, 380 (2007).

### 3.  Discussion

Plaintiff was a pretrial detainee on the date in question.  The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from "the use of excessive force that amounts to punishment."  Graham v. Connor, 490 U.S. 386, 395 n. 10 (1989)(citation omitted).  Any punishment of a pretrial detainee violates the Due Process Clause.  Edwards v. Byrd, 750 F.3d 728, 732 n. 2 (8th Cir. 2014).  Any use of force is unconstitutional if the force was used to "injure, punish, or discipline" a detainee.  Id. at 732.  A use of force does not amount to unconstitutional punishment if it is "but an incident of some other legitimate governmental purpose."  Bell v. Wolfish, 441 U.S. 520, 535, 538 (1979).

The Supreme Court recently addressed the standard to be applied in analyzing excessive force claims brought by pretrial detainees.  The Court held that a pretrial detainee need only show that an officer's use of force was objectively unreasonable to prevail on an excessive force claim.  Kingsley v. Hendrickson, et al, 135 S. Ct. 2466, 2470 (2015).  In determining whether a given use of force was reasonable or excessive, the Court said the following may bear on the issue:

the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

Id. at 2473. The Court noted that the list was not exclusive but instead only illustrated the "types of objective circumstances potentially relevant to a determination of excessive force." Id.

Viewing the evidence in the light most favorable to Plaintiff, I believe Defendant is entitled to summary judgment on this claim. While force was used, the Defendant merely shoved the Plaintiff out of the safety box; a place where the Plaintiff should not have been standing. Cf. Crumley v. St. Paul, 324 F.3d 1003, 1007 (8th Cir. 2003)("not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates" the Constitution)(internal quotation marks and citation omitted). Plaintiff was in close proximity to the door when it was opened. Plaintiff testified he suffered no serious injury. He testified instead that the force applied merely made the pain from a pre-existing back and shoulder injury a "little worse."

The video captured the entire incident. There is no indication in the video that more force was used than necessary or that the force was in anyway used to punish Plaintiff. Bell, 441 U.S. at 539 n. 21 ("There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned"). The minimal injuries suffered by Plaintiff belies the use of any excessive force. Askew v. Millerd, 191 F.3d 953, 958 (8th Cir. 1999)("Section 1983 is intended to remedy egregious conduct, and not every assault or battery which violates state law will create liability under it").

AO72A
(Rev. 8/82)

### 4. Conclusion

For the reasons stated, I recommend that the summary judgment motion (Doc. 31) be **GRANTED and this case be DISMISSED WITH PREJUDICE.**

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of April 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)